OPINION
Defendant-appellant, Larry Carr, appeals the sentence imposed upon him by the Butler County Court of Common Pleas for assault on a police officer in violation of R.C.2903.13(B).
On October 8, 1998, Officers Clifford Heidorn and Tim Less of the Hamilton, Ohio Police Department responded to a possible domestic situation at 423 East Avenue in Hamilton. Officer Heidorn, the first responding officer, found appellant sitting with a friend, Shasta Couch, on the front porch stoop of the house drinking beer. Officer Heidorn noticed that there were signs that Couch had been recently hit in the face as one of her eyes was red and starting to swell. Officer Heidorn permitted Couch to leave. Appellant then got up from the stoop and followed Couch, disregarding Couch's request to leave her alone and Officer Heidorn's verbal orders to go back to the house and leave Couch alone.
As Officer Heidorn reached out to lead appellant away from Couch, appellant pushed Heidorn away. At that point, Officer Heidorn informed appellant that he was under arrest for disorderly conduct. By this time, Officer Less arrived at the scene and assisted in the arrest.
Appellant resisted arrest and a scuffle occurred between appellant and Officers Heidorn and Less. Before Officer Heidorn could handcuff appellant, all three fell to the ground with appellant falling on top of Officer Less causing Less' ankle to snap. Appellant attempted to remove Officer Heidorn's gun from his holster. During the scuffle, Officer Heidorn hyperextended a finger and suffered abrasions on his knees. Officer Less suffered a fractured ankle requiring two surgeries.
On November 17, 1998, appellant was indicted by the Butler County Grand Jury for one count of disorderly conduct in violation of R.C. 2917.11(A) (1), a fourth degree misdemeanor, one count of resisting arrest in violation of R.C. 2921.33(A), a second degree misdemeanor, one count of assault on a police officer in violation of R.C. 2903.13(B), a fourth degree felony, and one count of aggravated robbery in violation of R.C. 2911.01(B), a first degree felony. On December 30, 1998, appellant was tried before a jury and found guilty of resisting arrest and assault on a police officer.
After completion of a presentence investigative report, the trial court held appellant's sentencing hearing on February 5, 1999. At the hearing, the trial court noted that as a result of appellant's actions, an officer suffered a severe injury and was badly hurt. The trial court further noted that appellant had been involved in the criminal justice system since 1983, and that this was his third conviction for resisting arrest. The trial court determined that a prison sentence was appropriate, based upon the injuries, the offense and appellant's previous criminal record.
By its February 9, 1999 judgment entry, the trial court sentenced appellant to ninety days in jail for resisting arrest and fifteen months in prison for assault on a police officer. The sentences were to be served concurrently. The court also ordered appellant to pay restitution.
Appellant timely appeals this decision, raising a single assignment of error:
 The Trial Court erred to Appellant's prejudice in imposing a prison sentence.
In his assignment of error, appellant contends that the trial court's failure to find one of the factors listed in R.C.2929.13(B) (1) precluded the trial court from imposing a prison sentence.
Pursuant to R.C. 2953.08(G) (1), an appellate court may increase, reduce, or otherwise modify a sentence, or vacate a sentence and remand the matter, if the court clearly and convincingly finds that the sentence is not supported by the record or is contrary to law or statute. Clear and convincing evidence is that evidence "which will provide in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established." State v. Garcia (1998), 126 Ohio App.3d 485,487. The sentence imposed upon the defendant should be consistent with the overriding purposes of felony sentencing: "to protect the public from future crimes," and "to punish the offender." R.C. 2929.11(A).
When deciding whether to disturb the sentence imposed by the trial court, R.C. 2953.08 requires us to review the presentence investigation report, the trial record, and any oral or written statements made to or by the court at the sentencing hearing when the sentence was imposed. See R.C. 2953.08(F) (1)-(3).
In the present case, appellant was found guilty of assault on a police officer, a fourth degree felony. For a fourth degree felony, a sentencing court may impose a prison term from six to eighteen months. R.C. 2929.14(A) (4). Appellant contends that R.C. 2929.13 requires the trial court to find that one of the imprisonment factors is applicable in his case before it can impose a prison sentence. Specifically, appellant argues that the trial court was precluded from imposing a prison sentence because in its February 9, 1999 judgment entry, it expressly stated it did not find one of the R.C. 2929.13(B) (1) imprisonment factors, even though at the sentencing hearing the court noted that appellant had caused physical harm to the police offices, which is an applicable imprisonment factor.
Contrary to appellant's contention, a trial court's failure to find one of the enumerated imprisonment factors in R.C.2929.13(B) (1) does not preclude it from imposing a prison sentence for a fourth or fifth degree felony.[1] See State v. Ward
(Oct. 11, 1999), Madison App. No. CA98-12-039, unreported, at 3. See, also, State v. Jones, 1999 Ohio App. LEXIS 5153, at *4-5 (Nov. 4, 1999), Franklin App. No. 99-AP-72, unreported; State v.Sims, 1998 Ohio App. LEXIS 5868, at *4-5 (Dec. 9, 1998), Summit App. No. 19018, unreported.
R.C. 2929.13(B) governs the sentencing of an offender who commits a fourth or fifth degree felony and provides a trial court with two ways to impose a prison term. The trial court is first required to determine whether any of the factors enumerated in R.C. 2929.13(B) (1) are applicable. If the court finds that at least one of the factors is applicable, the court then reviews whether a prison term is consistent with the purposes and principles of sentencing set forth in R.C. 2929.11. R.C.2929.13(B) (2) (a). In doing so, the trial court is guided by the pertinent seriousness and recidivism factors enumerated in R.C.2929.12. If the trial court finds after this review that (1) the offender is not amenable to community control, and (2) a prison term is consistent with R.C. 2929.11 purposes and principles of felony sentencing, then the court is required to impose a prison term. R.C. 2929.13(B) (2) (a).
A prison term may also be imposed when the trial court does not make a finding that one of the imprisonment factors under R.C.2929.13(B) (1) is applicable to the offender. In this circumstance, the trial court reviews whether community control is consistent with the purposes and principles of felony sentencing by considering the serious and recidivism factors enumerated in R.C. 2929.12. R.C. 2929.13(B) (2) (b). If the trial court concludes that a community control sanction is not consistent with the overriding purposes and principles of felony sentencing set forth in R.C. 2929.11, the trial court retains its broad discretion to impose a prison sentence. R.C. 2929.13(A). See Sims, 1998 Ohio App. LEXIS 5868 at *5.
In the instant case, the trial court was required to determine whether any of the listed imprisonment factors applied. See R.C. 2929.13(B) (1).[2] Specifically, R.C.2929.13(B) (1) (a) states that the court shall determine whether "[i]n committing the offense, the offender caused physical harm to a person."
Our review of the record reveals an unexplained discrepancy between the trial court's comments at the sentencing hearing and the judgment entry journalizing the trial court's sentencing decision concerning physical harm as an applicable imprisonment factor. The record shows that Officer Less suffered a broken ankle and Officer Heidorn suffered a hyperextended finger and knee abrasions.
The probation officer indicated in the presentence investigative report that appellant had caused physical harm, and that the physical harm was an applicable imprisonment factor in this case. At appellant's sentencing hearing, the trial court commented that it had reviewed the presentence report, and that it had remembered from the evidence that an officer suffered a severe injury.
However, the trial court never indicated at the sentencing hearing that the physical harm suffered by the police officers was an applicable imprisonment factor under R.C. 2929.13(B) (1). In its February 9, 1999 judgment entry, the trial court expressly stated that it considered the factors under R.C. 2929.13(B), and that it did not find one of the listed factors.
Apparently, the trial court either made a clerical error in its judgment entry (as suggested by the state), or the trial court failed to properly determine that the physical harm to the police officers was an applicable statutory factor and, therefore, followed the alternative method to impose a prison sentence for a fourth or fifth degree felony. Despite the trial court's failure to expressly indicate that one of the imprisonment factors was applicable in this case, the trial court was still permitted to impose a prison term. Upon determining that none of the factors enumerated in R.C. 2929.12(B) (1) were applicable, the trial court imposed a prison sentence based upon its reasons stated on the record[3] after it considered the seriousness and recidivism of factors pursuant to R.C. 2929.12 and found that a community control sanction was inconsistent with the purposes and principles of sentencing in R.C. 2929.11. Therefore, we find that the trial court made the requisite findings to justify the imposition of a prison term pursuant to R.C. 2929.13(B) when there are no applicable imprisonment factors under R.C. 2929.13(B) (1).
However, when imposing a prison term for a fourth degree felony, R.C. 2929.19 specifically requires that the court "shall make a finding that gives its reasons for selecting the sentence imposed," and that the court's reasons for imposing the prison term, as reflected in its finding, be "based upon the overriding purposes and principles of felony sentencing set forth in section R.C. 2929.11 of the Ohio Revised Code," and upon the applicableR.C. 2929.13(B) (1) imprisonment factors. See R.C.2929.19(B) (2) (a). Our interpretation of R.C 2929.19(B) (2) (a) requires us to find that the trial court should base its imposition of a prison sentence on an applicable imprisonment factor when there is one present. Based upon the unexplained discrepancy that exists between the judgment entry and the rest of the record, we find that the trial court neglected to consider that the physical harm to the police officers was an applicable imprisonment factor.
We, therefore conclude that the trial court did not properly determine appellant's sentence based upon the sentencing procedures in R.C. 2929.13 and support its decision as required by R.C. 2929.19(B) (2) (a) upon the applicable R.C. 2929.13(B) (1) (a) imprisonment factor.
From our review of the record, we also find that the trial court neglected to comply with the provisions of R.C. 2929.14(B) before it imposed a prison term. For a fourth degree felony, the sentencing range is six to eighteen months. R.C. 2929.14(A) (4). If the court elects to impose a prison term on the offender and if the offender has not previously served a prison term, the court shall impose the shortest authorized prison term pursuant to R.C.2929.14(A), "unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others." R.C. 2929.14(B). See Garcia,126 Ohio App.3d at 487. The term "finds" as used in R.C.2929.14(B) "means the court must note that it engaged in the analysis and that it varied from the minimum for at least one of the two sanctioned reasons." State v. Edmonson (1999), 86 Ohio St.3d 324,326.
The trial court sentenced appellant to fifteen months in prison, more than the statutory minimum of six months authorized by R.C. 2929.14(A) (4) for a fourth degree felony. Although the trial court noted at the sentencing hearing that appellant had been involved in the criminal justice system since 1983 and this was his third conviction for resisting arrest, appellant had never served a prison term.[4] The trial court failed to comply with the provisions of R.C. 2929.14(B) because the record is devoid of any analysis that the trial court first considered imposing a six-month minimum sentence and then decided to depart from the statutorily mandated minimum sentence based upon the shortest prison term would demean the seriousness of appellant's conduct and/or would not adequately protect the public from future crime by appellant. See id. at 326.
Based upon the foregoing, we find that appellant's sentence is not clearly and convincingly supported by the record. We therefore sustain appellant's assignment of error; the judgment of conviction, to the extent that it imposes a sentence of imprisonment for a fourth degree felony in contravention of R.C. Chapter 2929 without the proper findings, must be reversed.
Appellant's sentence for assault on a police officer is accordingly hereby vacated and this matter is reversed and remanded to the trial court for resentencing consistent with this opinion.
On remand, the trial court is instructed to address the following on the record: First, pursuant to R.C. 2929.13(B), the court must clarify and properly determine whether a prison term should be imposed based upon the applicable R.C. 2929.13(B) (1) (a) imprisonment factor. Second, if the court imposes a prison term, the court must consider R.C. 2929.14(B). If a sentence in excess of the statutory minimum of six months is imposed, the court must find at least one of the two sanctioned reasons listed in R.C.2929.14(B) apply before imposing the sentence. R.C.2929.19(B) (2) (a).
Appellant's sentence for resisting arrest remains valid with the following modification: From reviewing the record of this case, this court has discovered that the judgment entry states that appellant has been convicted of resisting arrest in violation of R.C. 2911.01(B). This appears to be a clerical error as R.C.2911.01(B) is the statute for aggravated robbery. The indictment that served as the charging instrument in this case charged resisting arrest in violation of R.C. 2921.33(A), which is the correct statute number. This court hereby modifies the judgment entry of the trial court to reflect that appellant has been convicted of resisting arrest in violation of R.C. 2921.33(A). See App.R. 12(B); Crim.R. 36.
Judgment affirmed in part as modified, vacated in part, reversed in part and remanded to the trial court for resentencing.
YOUNG and WALSH, JJ., concur.
[1] R.C. 2929.13(B) does not create a presumption that an offender who commits a fourth or fifth degree felony be sentenced to community control rather than prison. The statute gives general guidance and a "disposition against imprisonment" for offenders who commit a fourth or fifth degree felony. Griffin 
Katz, Ohio Felony Sentencing Law (1999) 77.
[2] R.C. 2929.13(B) (1) states for a felony of the fourth or fifth degree, the sentencing court shall determine whether any of the following apply:
 (a) In committing the offense, the offender caused physical harm to a person.
 (b) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person with a deadly weapon.
 (c) In committing the offense, the offender attempted to cause or made an actual threat of physical harm to a person, and the offender previously was convicted of an offense that caused physical harm to a person.
 (d) The offender held a public office or position of trust and the offense related to that office or position; the offender's position obliged the offender to prevent the offense or to bring those committing it to justice; or the offender's professional reputation or position facilitated the offense or was likely to influence the future conduct of others.
 (e) The offender committed the offense for hire or as part of an organized criminal activity.
 (f) The offense is a sex offense that is a fourth or fifth degree felony violation of section 2907.03, 2907.04, 2907.05, 2907.22, 2907.31, 2907.32.1, 2907.32.2, 2907.32.3, or 2907.34 of the Revised Code.
(g) The offender previously served a prison term.
 (h) The offender previously was subject to a community control sanction, and the offender committed another offense while under the sanction.
[3] At appellant's sentencing hearing, the court stated that a prison sentence was appropriate based upon the injuries, the offense, and appellant's prior criminal record.
[4] Our review of the record indicates that appellant has not served a prison term. We note that the presentence report indicates that appellant has previous convictions for criminal trespassing, petty theft, disorderly conduct, resisting arrest, failure to appear, contempt of court, and possession of drug paraphernalia. For these offenses, appellant was sentenced to county jail, probation, and/or imposed fines and costs. "Jail" and "prison" are not synonymous. See R.C. 2929.01 (V) and (CC).